**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Tim Stefanski,** | ) | **CASE NO. 1:26 CV 1222** |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **vs.** | ) | |
| **GNOIC/Towlift Inc., et al.,** | ) | **Memorandum Opinion and Order** |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 13.) This is an employment discrimination case. For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

*Pro se* plaintiff Tim Stefanski ("Plaintiff") filed a charge with the Equal Employment Opportunity Commission ("EEOC") against defendant GNCO, Inc. The EEOC issued a "right-to-sue" letter on January 29, 2026. On May 27, 2026, Plaintiff filed suit against defendants GNCO, Inc. and Bill Seward (together, "Defendants"). Plaintiff's Complaint indicates that he seeks relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act

("ADEA") and the Americans with Disabilities Act ("ADA"). Defendants now move to dismiss Plaintiff's Complaint in its entirety. Plaintiff opposes their motion[1] and Defendants have filed a reply.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 335 F. App'x 587, 588 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). That said, the complaint must set forth "more than the bare assertion of legal conclusions." *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The Court is not required to accept as true legal conclusions or unwarranted factual inferences. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint that

---

[1] After Defendants filed their motion, Plaintiff filed a "Motion to Deny Defendants' Motion to Dismiss." (Doc. 14.) The Court construes this as Plaintiff's opposition to Defendants' motion.

merely offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*

**DISCUSSION**

Defendants contend that Plaintiff's Complaint should be dismissed because he failed to initiate this lawsuit within 90 days of receipt of the right-to-sue letter from the EEOC. Defendants are correct.

A plaintiff seeking relief under Title VII, the ADA, and/or the ADEA must file suit within 90 days of receiving a right-to-sue letter from the EEOC. *McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002) (citing 42 U.S.C. § 12117(a)); *Doamekpor v. Cent. State Univ.*, 2026 U.S. App. LEXIS 9762, at *3 (6th Cir. Apr. 3, 2026) (citing 42 U.S.C. § 2000e5(f)(1); 29 U.S.C. § 626(e)). The 90-day statutory limitation is "strictly enforced," even against *pro se* plaintiffs. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam)).

A right-to-sue letter "is 'received' when the [agency] delivers its notice to a claimant[.]" *Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (further quotation omitted)). "The Sixth Circuit does not require 'actual receipt of notice by a claimant before the time period begins to run.'" *Peterson v. Hopson*, 2018 WL 3524635, at *3 (W.D. Tenn. Jan. 17, 2018) (quoting *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474 (6th Cir. 1986)). Rather, "the Sixth Circuit has held that, absent a plaintiff's actual receipt of the right-to-sue letter, a plaintiff's constructive notice of the issuance of a right-to-sue letter, triggers the start of the 90-day clock." *Alfredo v. MBM Fabricating Co.*, 2025 WL 77239, at *3 (E.D. Mich. Jan. 10, 2025) (citing *King v. Henderson*, 2000 WL 1478360, at *4 (6th Cir. Sep. 27, 2000)).

Here, the EEOC issued Plaintiff a right-to-sue letter through its online portal on January 29, 2026.[2] The EEOC emailed Plaintiff notice of the right-to-sue letter on three separate dates: January 29, 2026, February 6, 2026, and February 7, 2026. Importantly, Plaintiff does not contend in his opposition that he did not receive any of the three emails from the EEOC or the notices in the EEOC portal.

Plaintiff had constructive notice of the issuance of the right-to-sue letter when the EEOC first emailed him on January 29, 2026. *See Alfredo*, 2025 WL 77239, at *4. Plaintiff had until April 29, 2026, to initiate this lawsuit but failed to do so. He did not file suit until May 27, 2026. For this reason, his Complaint must be dismissed as time barred.[3]

**CONCLUSION**

For the aforementioned reasons, Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 13) is GRANTED.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 11/10/2026

[2] [A] court may, in undertaking a 12(b)(6) analysis, take judicial notice of 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Elec. Merchant Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) (quoting *Golf Vill. N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021)).

[3] Plaintiff has also filed several motions alleging contempt on the part of Defendants and their counsel. (Doc. Nos. 15, 18 & 21.) These motions lack any identifiable valid legal basis and are DENIED.